# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| PHILLIP E. BOOSE, | ) |
| | ) |
| Petitioner, | ) |
| | ) CIVIL ACTION |
| v. | ) |
| | ) No. 15-3060-KHV |
| CLAUDE MAYE, | ) |
| Warden, USP-Leavenworth, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This is a pro se petition for writ of habeas corpus under 28 U.S.C § 2241.[1] Petitioner seeks discharge from the federal sentence he is serving at the United States Penitentiary in Leavenworth, Kansas.[2] The Court dismisses this action without prejudice because it lacks jurisdiction to decide petitioner's challenges to his federal conviction under Section 2241.

## Factual Background and Procedural History

The background facts and procedural history are taken from the Petition (Doc. #1) and relevant federal court opinions.

In 2003, a jury in the United States District Court for the Western District of Missouri convicted petitioner of being a felon in possession of ammunition in violation of 18 U.S.C. § 922(g)(1). See United States v. Boose, 92 Fed. App'x 377, 378 (8th Cir. 2004), cert. denied, 543

---

[1] The title of the petition includes 28 U.S.C. § 1651(a), but it does not discuss the "all writs act" or its application under these facts. Thus, petitioner fails to state a claim under § 1651(a), and the Court does not discuss it further.

[2] According to the Federal Bureau of Prison inmate locator, petitioner has a current projected release date of September 28, 2020.

-1-

U.S. 884 (2005). The sentencing court found that he qualified for an enhanced sentence under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), based on three prior state drug convictions[3] and sentenced him to 240 months in prison. Petitioner appealed to the Eighth Circuit Court of Appeals, raising issues that included his ACCA qualification. The Eighth Circuit affirmed petitioner's conviction and sentence, and the United States Supreme Court denied his petition for a writ of certiorari. *See id*.

Petitioner filed a petition for relief under 28 U.S.C. § 2255. In 2005, the sentencing court denied the petition "on its merits" and he did not appeal. See Boose v. Michaelsen, Case No. 11-cv-00119-HFS, Order Dismissing Case (Doc. #12) at 1 (W.D. Mo. Sept. 15, 2011). Petitioner made numerous other efforts to have the sentencing court overturn his conviction and sentence. Id. at 1-2. In addition, on at least two occasions, without success, petitioner asked the Eighth Circuit for authorization to file a second or successive Section 2255 motion. See Boose v. O'Brien, 2010 WL 2640333, at *1 (W.D.Va. June 30, 2010), aff'd, 409 Fed. App'x 659 (4th Cir. 2011).

Petitioner has filed at least three prior petitions under Section 2241. All were dismissed as improper attempts to challenge his federal conviction or sentence. See Boose v. Mays, 2014 WL 298604 (D.Kan. Jan. 28, 2014); Boose v. O'Brien, 2010 WL at 2640333; Boose v. Drew, 2008 WL 2557438 (D.S.C. June 20, 2008), aff'd, 298 Fed. App'x 285 (4th Cir. 2008).

**Claims**

---

[3] In 2000, petitioner pled guilty to three Missouri state charges of selling crack cocaine to the same undercover officer on three different days. Id. He received concurrent terms of five years imprisonment on each count. His sentences were suspended and he received a three-year term of probation.

Petitioner attacks his continued custody on the federal conviction. He claims that on August 5, 2014, Amendment 5 of the Missouri state constitution containing the "Missouri Right to bear arms" was approved. On March 6, 2015, St. Louis Circuit Judge Robert Dierker ruled under Amendment 5 that "the Missouri law prohibiting felons from possessing guns is unconstitutional as applied to non-violent felons."[4] Petitioner argues that his federal custody is "noncompromising Missouri constitutional law," and also violates the Tenth Amendment to the United States Constitution.

## **Standards**

Generally, 28 U.S.C. § 2255 provides the exclusive remedy for a federal prisoner attacking the legality of his detention. Caravalho v. Pugh, 177 F.3d 1177, 1178 (10th Cir. 1999); Boyce v. Berkebile, 590 Fed. App'x 825, 826 (10th Cir. 2015); Williams v. United States, 323 F.2d 672, 673 (10th Cir. 1963), cert. denied, 377 U.S. 980 (1964); see also Johnson v. Taylor, 347 F.2d 365, 366 (10th Cir. 1965). 28 U.S.C. § 2255(a) provides as follows:

> A prisoner in custody under sentence of a (federal) court . . .claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or law of the United States. . . may move the court which imposed the sentence to vacate, set aside or correct the sentence.

Id.[5] Congress has thus provided that once a federal inmate has completed his direct criminal

---

[4] Petitioner provides no citation for this state court ruling. The Court takes judicial notice of Missouri v. Robinson, Case No. 1422-CR02936-01 (Mo.Cir.Ct., Feb. 27, 2015). That unpublished opinion does not mention retroactive application or any application beyond the facts of that case.

[5] Subsection (e) of Section 2255 cautions that "[an] application for writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him." Id.

-3-

appeals, Section 2255 provides his procedural vehicle for any collateral challenge. A motion under Section 2255 must be filed in the district in which the prisoner was sentenced. <u>Abernathy v. Wandes</u>, 713 F.3d 538, 542 n.2 (10th Cir. 2013).

Federal prisoners are provided a single opportunity to have a Section 2255 petition considered on the merits, and successive petitions are generally barred. <u>Cleaver v. Maye</u>, 773 F.3d 230, 232 (10th Cir. 2014)(<u>see</u> 28 U.S.C. § 2244; <u>Prost v. Anderson</u>, 636 F.3d 578, 586 (10th Cir. 2011)). A second or successive motion under Section 2255 may be allowed only by way of the procedure and under the limited circumstances set forth in Section 2255(h) as follows:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

<u>Id.</u> Thus, to pursue a claim of newly discovered evidence or new law in a successive habeas petition, a federal prisoner must request preauthorization from the appropriate Circuit Court of Appeals to file a successive motion under Section 2255 in the sentencing court. See <u>In re Cline</u>, 531 F.3d 1249, 1250 (10th Cir. 2008)("Before a federal prisoner may file a second or successive motion under § 2255, the prisoner must first obtain an order from the appropriate court of appeals authorizing the district court to consider the motion.")(citing 28 U.S.C. § 2244(b)(3)(A), § 2255(h)). The second significant statutory gate-keeping provision is the one-year statute of limitations in Section 2255(f).

A petition under Section 2241 is not an additional, alternative or supplemental remedy to that afforded under Section 2255. Williams, 323 F.2d at 673; Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). Habeas petitions filed under Section 2241 serve "different and distinct purposes" from motions filed under Section 2255. See McNack v. Ledezma, 2010 WL 3823159, *2 (W.D. Okla. 2010). In this Circuit, a petition under Section 2241 attacks the execution of a sentence by challenging "some matters that occur at prison, such as deprivation of good-time credits and other prison disciplinary matters." McIntosh v. U.S. Parole Com'n, 115 F.3d 809, 812 (10th Cir. 1997). It does not ordinarily encompass claims of unlawful detention based on challenges to a conviction or sentence. Bradshaw, 86 F.3d at 166; McIntosh, 115 F.3d at 811–12. Thus, a habeas petitioner may not avoid the statutory gatekeeping restrictions under Section 2255 by simply recasting his claims as ones under Section 2241.

Section 2255(e) contains "a narrow exception" called the "savings clause." Under the savings clause, a federal prisoner may seek habeas relief by filing a petition under Section 2241 after the sentencing court has denied him relief under Section 2255. Abernathy, 713 F.3d at 547 (citing Brown v. Berkebile, 572 Fed. App'x 605, 608 (10th Cir. 2014)). To fall within the savings clause and so proceed under Section 2241, a prisoner must show that the remedy by motion under Section 2255 is inadequate or ineffective to test the legality of his detention. Abernathy, 713 F.3d at 547 (citing Prost, 636 F.3d at 581 (quoting § 2255(e)). In Prost, the Tenth Circuit concisely set forth the test as "whether a petitioner's argument challenging the legality of his detention could have been tested in an initial § 2255 motion." Id. (quoting Prost, 636 F.3d at 584). If the answer is yes, the petitioner may not resort to the savings clause and Section 2241. Id. Petitioner must show that the remedy under Section 2255 is inadequate or

ineffective. Caravalho, 177 F.3d at 1178; Abernathy, 713 F.3d at 549; Brace, 634 F.3d at 1169. When petitioner fails to make this showing, the court lacks jurisdiction to consider the merits of a petition under Section 2241. See Cleaver, 773 F.3d at 233 (citing id. at 1170).

Section 2255 has been found to be inadequate or ineffective only in extremely limited circumstances. Abernathy, 713 F.3d at 547; Caravalho v. Pugh, 177 F.3d 1177, 1178 (10th Cir. 1999); see Brace v. United States, 634 F.3d 1167, 1169 (10th Cir. 2011)(Section 2255 will rarely be inadequate or ineffective remedy to challenge conviction); Sines v. Wilner, 609 F.3d 1070, 1073 (10th Cir. 2010)(only in rare instances will Section 2255 fail as adequate or effective remedy); Boyce, 590 Fed. App'x at 826. The example of extreme circumstances which courts most often mention is if the sentencing court has been abolished, refuses to consider or inordinately delays consideration of the motion under Section 2255, or is unable to grant complete relief due to the involvement of other sentencing courts. See id. Before a petitioner may properly file a petition under Section 2241, the opportunity to seek a remedy under Section 2255 must be "genuinely absent." Cleaver, 773 F.3d at 233 (citing Prost, 636 F.3d at 588).

Even an erroneous decision on a motion under Section 2255 does not render that remedy inadequate or ineffective. Id. (Section 2255 not inadequate or ineffective merely because result of petition was unsuccessful.)(citing Prost, 636 F.3d at 584-85); Abernathy, 713 F.3d at 538 (citing 28 U.S.C. §§ 2241, 2255(e)) (plain language of savings clause does not authorize resort to federal habeas relief simply because court errs in rejecting good argument); Boyce, 590 Fed. App'x at 826 (likelihood of success not factor in "inadequate or ineffective" analysis.). The Tenth Circuit recently reiterated the narrow scope of the savings clause exception, as follows:

> "Failure to obtain relief under § 2255 does not establish that the remedy so provided is either inadequate or ineffective." Williams v. United States, 323 F.2d

672, 673 (10th Cir. 1963)(quoting Overman v. United States, 322 F.2d 649 (10th Cir. 1963)(internal quotation marks omitted)). Rather, as this court established in Prost v. Anderson, "[t]he relevant metric or measure . . . is whether a petitioner's argument challenging the legality of his detention could have been tested in an initial § 2255 motion. If the answer is yes, then the petitioner may not resort to the savings clause and § 2241." 636 F.3d 578, 584 (10th Cir. 2011).

. . . .As this court has repeatedly made clear, § 2255's saving clause concerns the adequacy of § 2255 itself, not the adequacy of another court's response to a particular § 2255 petition. Recognizing this, Prost establishes a straightforward test for determining when the saving clause applies: a prisoner can only bring a petition under § 2241 when his arguments "could [not] have been tested in an initial § 2255 motion." 636 F .3d at 584; see also, e.g., Abernathy v. Wandes, 713 F.3d 538, 547 (10th Cir. 2013), cert. denied, 134 S.Ct. 1874 (2014) (applying Prost); Williams, 323 F.2d 673 (finding that the question is whether the remedy provided by § 2255 is adequate, not whether relief was actually obtained).

Barnett v. Maye, 602 Fed. App'x 717, 719 (10th Cir. 2015). The savings clause is concerned with process – not substance – "guaranteeing nothing about what opportunity promised will ultimately yield in terms of relief." Prost, 636 F.3d at 584.

The Tenth Circuit has recently emphasized that a dismissal of a petition under Section 2241 for failure to satisfy the savings clause test is a dismissal for lack of jurisdiction. Abernathy, 713 F.3d at 557-58; Alvarez v. Maye, ___Fed. App'x ___, 2005 WL 5011155, *1 (10th Cir. Aug. 25, 2015)(district court usually lacks statutory jurisdiction over Section 2241 petition that professes to attack legality or validity of prisoner's detention.)(citing id.). In Abernathy, the Tenth Circuit reasoned as follows:

> Before concluding, we note that, although the district court did not expressly state that it was dismissing Mr. Abernathy's petition for lack of jurisdiction, when a federal petitioner fails to establish that he has satisfied § 2255(e)'s savings clause test—thus, precluding him from proceeding under § 2241—the court lacks statutory jurisdiction to hear his habeas claims. See 28 U.S.C. § 2255(e)("An application for a writ of habeas corpus ... *shall not be entertained* ... unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." (emphasis added)); Brace, 634 F.3d at 1169–70 (affirming the district court's dismissal for lack of jurisdiction of a petitioner's § 2241 petition,

where the petitioner could not meet § 2255(e)'s savings clause); see also <u>Rice v. Rivera</u>, 617 F.3d 802, 807 (4th Cir.2010) (concluding that the district court lacked jurisdiction over the petitioner's § 2241 petition because he failed to meet the Fourth Circuit's savings clause test); <u>Harrison v. Ollison,</u> 519 F.3d 952, 961–62 (9th Cir. 2008) (affirming the district court's dismissal of a § 2241 petition for lack of jurisdiction because the petitioner failed to meet the Ninth Circuit's savings clause test); cf. <u>Palma–Salazar v. Davis</u>, 677 F.3d 1031, 1038 (10th Cir. 2012) (holding that a § 2241 petitioner's claim was not cognizable under § 2241 and therefore the district court lacked jurisdiction).

Therefore, we construe the district court's dismissal of Mr. Abernathy's petition as resting on a lack of statutory jurisdiction. And, as such, it was a dismissal *without* prejudice. See <u>Brereton v. Bountiful City Corp.</u>, 434 F.3d 1213, 1216 (10th Cir.2006)("Since standing is a jurisdictional mandate, a dismissal with prejudice for lack of standing is inappropriate, and should be corrected to a dismissal without prejudice."); <u>Martinez v. Richardson</u>, 472 F.2d 1121, 1126 (10th Cir.1973)("It is fundamental, of course, that a dismissal for lack of jurisdiction is not an adjudication of the merits and therefore dismissal of [plaintiff's] claim must be without prejudice."); cf. <u>Costello v. United States</u>, 365 U.S. 265, 284–85, 81 S.Ct. 534, 5 L.Ed.2d 551 (1961)(construing a district court's dismissal as being for lack of jurisdiction and thus without prejudice, even though the court was silent regarding whether its dismissal was with or without prejudice).

<u>Id.</u>

## **Analysis**

Having carefully considered the petition under the foregoing standards, the Court easily makes two findings that necessitate summary dismissal of this action.

First, the Court finds that this Section 2241 petition is a challenge to petitioner's federal conviction. Petitioner claims that his confinement is unlawful and seeks discharge from federal custody.[6] He alleges that a 2014 amendment to the Missouri state constitution provided a right to bear arms, that this provision applies retroactively to his federal offense in Missouri in 2002

---

[6] Petitioner alternatively requests to be "relinquished back to the custody of Missouri for proceedings consistent with Amendment 5." He was charged and convicted under federal law, however, and he does not allege any facts or legal basis for this request.

and that as a result, "it [was] no offense" for him to possess ammunition as a felon in Missouri. His claims are undoubted challenges to the validity of his federal conviction, and they cannot be litigated under Section 2241.[7]

Second, the Court lacks jurisdiction under Section 2241 to determine the merits of petitioner's claims because he has not satisfied the savings clause test.[8] Petitioner does not attempt to satisfy the savings clause test and thereby establish that this Court has jurisdiction to review his claims under Section 2241. He alleges no facts to establish that the sentencing court has been abolished, refused to consider his initial motion under Section 2255 or was unable to grant relief due to the involvement of other sentencing courts. Instead, he makes the bald and incorrect assertion that he is not challenging his conviction or sentence. For these reasons, the Court concludes that petitioner is not entitled to proceed under Section 2241 by way of the savings clause, and that this Court lacks statutory jurisdiction to determine his claims.

The Court admonishes petitioner that he cannot bypass statutory gatekeeping mechanisms which Congress designed to prevent prisoners from abusing the judicial system, and dismisses this action for lack of jurisdiction.

---

[7] Petitioner's exclusive collateral remedy for testing the legality of his federal conviction was his initial motion in the sentencing court under Section 2255. He already utilized this single opportunity, and the sentencing court rejected his habeas claims on the merits. At that point, his only vehicle to raise habeas claims was to request pre-authorization from the Eighth Circuit Court of Appeals to file a second and successive motion in the sentencing court. As noted, on at least two occasions, the Eighth Circuit has considered and denied such requests.

[8] In 2013, petitioner filed a petition under Section 2241 in this Court. There, as here, petitioner challenged his conviction and sentence. The Court dismissed that petition for lack of jurisdiction to consider petitioner's challenges to his federal sentence. See Boose v. Mays, 2014 WL at 298604.

**IT IS THEREFORE ORDERED** that this petition for writ of habeas corpus is dismissed without prejudice**.**

**IT IS FURTHER ORDERED** that petitioner's Motion for Leave to Proceed In Forma Pauperis (Doc. #2) filed March 26, 2015, be and hereby is granted.[9]

Dated this 8th day of February, 2016 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge

---

[9] This motion is granted based solely on the balance in petitioner's institutional account at the time this action was filed provided in the exhibited certified statement. See Doc. #2-1.